IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNSSEE
WESTERN DIVISION

RAVEN LOMAX, individually, TIARA MERRIWEATHER, individually
and as parent o/b/o TAVAROUS BOWEN, a minor,
TYRIAN MERRIWEATHER, a minor, and TEMARI MERRIWEATHER,
a minor,

    Plaintiffs,

v.                                                  Docket No.:  2:22-cv-2664
                                                  **JURY DEMANDED**

US FOODS, INC.,
and MARCUS DOTSON,

    Defendants.

## COMPLAINT FOR PERSONAL INJURY DAMAGES

**COME NOW** Plaintiffs, Raven Lomax, individually, Tiara Merriweather, individually and as parent and on behalf of Tavarous Bowen, a minor, Tyrian Merriweather, a minor and Temari Merriweather, a minor (collectively referred to as the "Plaintiffs"), by and through undersigned counsel of record, and file this Complaint for property damages and personal injury damages against Defendants US Foods, Inc., and Marcus Dotson (collectively referred to as the "Defendants"). In support of this cause of action, Plaintiffs would should unto the Court as follows:

### I.    **PARTIES**

1.    Plaintiff, Raven Lomax ("Ms. Lomax"), is an adult resident of Southaven, Mississippi.

2.    Plaintiff, Tiara Merriweather ("Ms. Merriweather"), is an adult resident of Southaven, Mississippi. Ms. Merriweather is the mother and parent of Tavarous Bowen,

a minor, Tyrian Merriweather, a minor and Temari Merriweather, a minor.

3. Plaintiff, Tavarous Bowen, is a minor and resident of Southaven, Mississippi.

4. Plaintiff, Tyrian Merriweather, is a minor and resident of Southaven, Mississippi.

5. Plaintiff, Temari Merriweather, is a minor and resident of Southaven, Mississippi.

6. Defendant, Marcus Dotson, is a resident of Memphis, Shelby County, Tennessee.

7. Defendant Marcus Dotson, at all relevant times was an employee and/or agent of Defendant US Foods, Inc., and was conducting the business of US Foods, Inc., at the time of the motor vehicle accident that occurred in Memphis, Shelby County, Tennessee on September 28, 2021.

8. Defendant US Foods, Inc., is a for profit corporation organized in the State of Delaware, but authorized to transact and conduct business in the State of Tennessee.

9. At all times relevant hereto, US Foods, Inc., used the highways and roads of the Shelby County, Tennessee to conduct business.

10. Defendant US Foods, Inc., is engaged in the business of food service distribution and conducts business in Shelby County, Tennessee at a distribution center located at 5900 E. Holmes Road, Suite 101, Memphis, TN 38141.

11. Defendant US Foods, Inc. registered agent for service of process in the State of Tennessee is Corporation Service Corporation, 2908 Poston Avenue, Nashville, TN 37203.

12. Upon information and belief, on September 28, 2021, US Foods, Inc., was the owner of the 2015 White Van driven by Defendant Marcus Dotson, which was involved in the motor vehicle accident with Plaintiff Tiara Merriweather on East Shelby Drive in Memphis, Shelby County, Tennessee.

## II.   JURISDICTION & VENUE

13. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

14. The jurisdiction of this lawsuit is proper in the United States District Court for the Western District of Tennessee, Western Division, pursuant to 28 U.S.C. §1332 with damages in excess of $75,000.00.

15. This case has been filed within one (1) year from the date of the September 28, 2021 motor vehicle accident which is the subject of this lawsuit.

16. All wrongful acts and/or omissions alleged herein occurred within the jurisdiction of Shelby County, Tennessee.

## III.   VICARIOUS LIABILITY

17. Plaintiffs re-allege and incorporate the allegations in all preceding paragraphs, as if they were fully set forth herein.

18. At all times relevant hereto, Defendant US Foods, Inc., by and through their employee(s) and/or agent(s), provided food distribution services in Memphis, Shelby County, Tennessee.

19. Upon information and belief, and at all times relevant hereto, the employees and/or agents of Defendant US Foods, Inc., were either actual or apparent agents and all such employees and/or agents were acting in the course and scope of their actual and/or apparent agency.

20. As actual and/or apparent principal of their employee(s) and/or agent(s), Defendant US Foods, Inc., is vicariously liable for any and all negligent acts and/or omissions of such employees and/or agents as set forth herein.

21. At all relevant times, Defendant Marcus Dotson was an employee and/or agent of Defendant US Foods, Inc., and he was on/or about the business of US Foods, Inc., on September 28, 2021 when he was involved in a motor vehicle accident with Plaintiff Tiara Merriweather while she drove a motor vehicle owned by Plaintiff Raven Lomax.

## IV.   STATEMENT OF FACTS

22. On or about September 28, 2021 Plaintiff Tiara Merriweather was the operator of a 2013 Chevrolet, owned by Raven Lomax, and was traveling eastbound on E. Shelby Drive and had just driven passed the intersection of E. Shelby Drive and Hickory Hill in Shelby County, Tennessee.

23. At all relevant times, Plaintiff Tiara Merriweather was operating her vehicle in a safe and prudent manner and exercising all due care under the circumstances.

24. On or about September 28, 2021, Defendant Marcus Dotson while acting as an employee and or agent of Defendant US Foods, Inc., was operating a motor vehicle owned by Defendant US Foods, Inc., when he pulled from the private drive of the BP Gas Station on East Shelby Drive and began to cross the eastbound lanes of travel of East Shelby Drive to go westbound on East Shelby Drive.

25. At all relevant times, it was unsafe for Defendant Marcus Dotson to attempt to cross the eastbound lanes of travel on East Shelby Drive.

26. At all relevant times, Defendant Marcus Dotson disregarded the vehicle driven by Plaintiff Tiara Meriweather that was traveling eastbound on East Shelby Drive.

27. As a direct and proximate result of the actions of Defendant Marcus Dotson the vehicle he was operating collided with great force with the vehicle being driven by Plaintiff Tiara Meriweather and which the minor Plaintiffs were passengers.

28. As a direct and proximate result of the actions of Defendant Marcus Dotson, following the initial collision between the vehicle he was operating and the vehicle being operated by Plaintiff Tiara Merriweather, Plaintiff Meriweather's vehicle violently struck a wooden utility pole and fence.

29. As a direct and proximate result of the actions of Defendant Marcus Dotson, Plaintiff Tiara Meriweather suffered personal injuries, including mental and emotional anguish.

30. As a direct and proximate result of the actions of Defendant Marcus Dotson, minor Plaintiff Tavarous Bowen suffered personal injuries, including mental and emotional anguish.

31. As a direct and proximate result of the actions of Defendant Marcus Dotson, minor Plaintiff Tyrian Merriweather suffered personal injuries, including mental and emotional anguish.

32. As a direct and proximate result of the actions of Defendant Marcus Dotson, minor Plaintiff Temari Merriweather suffered personal injuries, including mental and emotional anguish.

33. As a direct and proximate result of the operation of the vehicle being driven by Defendant Marcus Dotson, the vehicle owned by Raven Lomax suffered physical property damage.

## V.   CAUSE OF ACTION: NEGLIGENCE

34. Plaintiffs re-allege and incorporate the allegations in all preceding paragraphs, as if they were fully set forth herein.

35. At all relevant times, Defendants owed a legal duty and obligation to Plaintiffs to exercise due care in the operation of their vehicle.

36. At all times relevant hereto, and pursuant to Tenn. Code Ann. § 55-10-311, Tenn. Code Ann. § 55-10-312, the doctrine of Respondeat Superior, and the doctrine of agency, every act of negligence as alleged herein against Defendant Marcus Dotson is imputed to Defendant US Foods, Inc., who is liable to Plaintiffs for the resulting injuries and damages.

37. Defendants are liable for the following acts of common law negligence, each and every one of which is a direct and proximate cause of the injuries and damages alleged herein:

   a. Negligently failing to exercise that degree of care and caution as required of a reasonable, prudent person under the same or similar circumstances;

   b. Negligently failing to maintain proper control of their vehicle;

   c. Negligently failing to devote full time and attention to the operation of their vehicle;

      d. Failing to exercise a reasonable degree of care to avoid the collision with the vehicle driven by Plaintiff Tiara Merriweather;

      e. Failing to exercise a reasonable degree of care to avoid the collision; and,

      f. Negligently entrustment of the vehicle.

38. Defendants are guilty of violating each of the following statutes of the State of Tennessee, each of which was in full force and effect at the time and place of the motor vehicle accident complained of herein; with each and every such violation constituting a separate and distinct act of negligence *per se*, and each and every act constituting a direct and proximate cause of the injuries and damages complained herein to wit:

      a. Tenn. Code Ann. § 55-8-103 (Required obedience to traffic laws); and

      b. Tenn. Code Ann. § 55-8-136 (Drivers to exercise due care).

39. Defendants are guilty of violating each of the following ordinances of the County of Shelby, each of which were in full force and effect at the time and place of the motor vehicle accident complained of herein; with each and every such violation constituting a separate and distinct act of negligence *per se*, and each and every act constituting a direct and proximate cause of the injuries and damages complained herein to wit:

      a. Ordinance § 24-116 (Failing to devote full time and attention to operating vehicle); and

      b. Ordinance § 24-117 (Duty to drive at safe speed, maintain lookout, and keep vehicle under control).

40. Defendants are guilty of violating each of the following ordinances of the City of Memphis, each of which were in full force and effect at the time and place of the motor vehicle accident complained of herein; with each and every such violation constituting a separate and distinct act of negligence *per se*, and each and every act constituting a direct and proximate cause of the injuries and damages complained herein to wit:

   a. Ordinance § 11-16-2 (Failing to devote full time and attention to operating vehicle); and

   b. Ordinance § 11-16-3 (Duty to drive at safe speed, maintain lookout, and keep vehicle under control).

41. As a direct and proximate result of one or more of the above acts of negligence, Plaintiffs Tiara Merriweather, Tavarous Bowen, Tyrian Merriweather and Temari Meriweather were injured and received necessary medical care and treatment by health care providers.

42. As a direct and proximate result of one or more of the above acts of negligence, Plaintiff Raven Lomax vehicle sustained physical property damage.

## VI.   INJURIES AND DAMAGES

43. Plaintiffs re-allege and incorporate herein the allegations in all foregoing paragraphs, as if set forth herein.

44. At all relevant times, as a direct and proximate result of the above negligent acts and/or omissions of Defendants, Plaintiff Tiara Meriweather, suffered, *inter alia*, the following injuries:

   a. Emotional distress and mental anguish – past, present, and future;

    b. Physical pain and suffering – past, present, and future;

    c. Loss of enjoyment of life – past, present, and future;

    d. Medical expenses – past, present, and future; and

    e. Other damages as allowed under the law or in equity, including, but not limited to, out-of-pocket expenses associated with the incident, including the medical expenses of each of the minor plaintiffs.

45. At all relevant times, as a direct and proximate result of the above negligent acts and/or omissions of Defendants, minor Plaintiff Tavarous Bowen, suffered, *inter alia*, the following injuries:

    a. Emotional distress and mental anguish – past, present, and future;

    b. Physical pain and suffering – past, present, and future;

    c. Loss of enjoyment of life – past, present, and future;

    d. Medical expenses – past, present, and future; and

    e. Other damages as allowed under the law or in equity, including, but not limited to, out-of-pocket expenses associated with the incident.

46. At all relevant times, as a direct and proximate result of the above negligent acts and/or omissions of Defendants, minor Plaintiff Tyrian Merriweather Bowen, suffered, *inter alia*, the following injuries:

    a. Emotional distress and mental anguish – past, present, and future;

    b. Physical pain and suffering – past, present, and future;

    c. Loss of enjoyment of life – past, present, and future;

    d. Medical expenses – past, present, and future; and

  e. Other damages as allowed under the law or in equity, including, but not limited to, out-of-pocket expenses associated with the incident.

47. At all relevant times, as a direct and proximate result of the above negligent acts and/or omissions of Defendants, minor Plaintiff Temari Merriweather Bowen, suffered, *inter alia*, the following injuries:

  a. Emotional distress and mental anguish – past, present, and future;

  b. Physical pain and suffering – past, present, and future;

  c. Loss of enjoyment of life – past, present, and future;

  d. Medical expenses – past, present, and future; and

  e. Other damages as allowed under the law or in equity, including, but not limited to, out-of-pocket expenses associated with the incident.

48. At all relevant times, as a direct and proximate result of the above negligent acts and/or omissions of Defendants, Plaintiff Raven Lomax, individually suffered property damage to her vehicle.

## VII. AD DAMNUM

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray for judgment against Defendants and as follows:

a. That Plaintiff Tiara Merriweather, individually be awarded compensatory damages for her personal injuries in an amount no less than $75,001.00 or as determined by a jury;

b. That Plaintiff Tiara Merriweather be awarded compensatory damages for the injuries suffered by the minor Plaintiffs, in an amount no less than $500,000.00 or as determined by a jury;

c. That Plaintiff Raven Lomax be awarded property damage for the property damage to her vehicle;

d. That a jury be empaneled to try this cause;

e. That the Plaintiffs reserve the right to amend this pleading based upon the course of discovery in this cause;

f. That the Plaintiffs be awarded all post-judgment interest on all verdicts or recoveries and discretionary/non-discretionary costs; and,

g. All other appropriate relief to which the Plaintiffs may be entitled.

Respectfully submitted,

**SPENCE PARTNERS**

BY: _/s/ JAS_

Robert L. J. Spence, Jr. (BPR No. 12256)
Jarrett M.D. Spence (BPR No. 34577)
Spence Partners
Cotton Exchange Building
65 Union Avenue, Suite 900
Memphis, Tennessee 38103
Telephone: 901.312.9160
Facsimile: 901.521.9550
rspence@spencepartnerslaw.com
jspence@spencepartnerslaw.com